UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 ~ 1 0 2 9 6   PBS

| | |
|---|---|
| **HELEN DOONA,** | |
| **Plaintiff-Complainant,** | Civil Action No. 05 |
| | |
| **v.** | |
| | |
| **ELAINE L. CHAO, SECRETARY,** | |
| **UNITED STATES DEPARTMENT OF LABOR,** | |
| **Defendant-Agency.** | |

FILED
CLERKS OFFICE

2005 FEB 14  P 2:36

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE ___

RECEIPT # ___ 62098
AMOUNT $ 250
SUMMONS ISSUED 40
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 2/14/05

## COMPLAINT
## [WITH JURY DEMAND]

1.    Plaintiff Helen M. Doona ("Doona") resides at 846 Watertown Street, West Newton, Massachusetts 02465.

2.    Doona has been and is presently an employee of the United States Department of Labor ("DOL" or the "Agency") Employee Benefits Security Administration ("EBSA"), formerly known as the Pension and Welfare Benefits Administration ("PWBA").

3.    Defendant Elaine L. Chao ("Chao") is the Secretary of the United States Department of Labor.

4.    James M. Benages ("Benages") is and has been at all times relevant hereto the Regional Director of the EBSA. Boston office and, as such, is the promoting authority for that office.

5.    Doona, at the relevant time, held the grade GS-12.

6.    Doona has been employed by PWBA since July 7, 1987

7.    Supervisory Investigator Phillip Tanner ("Tanner") is and has been at all times relevant hereto Doona's immediate supervisor in the EBSA. Boston office.

8    At all times relevant hereto, Benages and Tanner operated with the authority of Chao, under her supervision and control, and as her agents.

## JURISDICTION

9.    Jurisdiction in this action lies under the provisions of Title VII of the Civil Rights Act of 1964, as amended, and specifically, without limitation, under 42 U.S.C. § 2000e-5 and 29 C.F.R. § 1614.110(a).

10.    All conditions precedent to the filing of this action have been met by the plaintiff: she filed a timely complaint containing allegations of employment discrimination; that complaint was rejected and dismissed by the Equal Employment Opportunity Commission in a decision dated on or about October 20, 2004 and in a final action on that complaint by the Agency dated November 16, 2004 (CRC Case No. 03-01-149; EEOC Case No. 160-2004-00350X). She has filed this action within ninety (90) days of receiving the agency's final action

11.    This action is timely commenced.

## VENUE

12.    Venue in this action arises under 42 U.S.C. § 2000e-5.

## ALLEGATIONS

13.    The Agency unlawfully discriminated against Doona in reprisal for her EEO ("Equal Employment Opportunity") activity, to include her union activities against Benages and Tanner on behalf of members of the AFGE Local and the union, and based on her age (over 40), sex (female), national origin (Irish American), parental status (grandmother), marital status (to the extent it relates to the other specified legally protected activities and categories), and alleged failure to meet an unlawful quota of completing thirty cases within one fiscal year (to the extent it relates to the other specified legally protected activities and categories), when she was not

2

selected on or about June 9, 2003 for the position of GS-13 Senior Investigator (Pension) under Vacancy Announcement #BOS-02-29A ("the relevant time").

14.    At the relevant time Doona was and had been an Agency Shop Steward for the AFGE Local .

15.    Doona had participated in the EEO process and opposed practices, including those of Benages and Tanner, made unlawful by the statutes covered under 29 C.F.R.§ 1614.103 and under Executive Order.

16.    The retaliation and discrimination outlined here manifested itself in part by the deliberate refusal by Benages to assign Doona significant cases (to include criminal cases), in the improper reassignment of some of her cases to others favored by Benages (thereby denying her credit for substantial work she had already performed and prejudicing her with respect to promotion to fill future vacancies) and in aspects of her performance appraisal from the period beginning April 1, 2000.

17.    The retaliation and discrimination outlined here also manifested itself in part by Benages not selecting her on or about June 9, 2003 for a GS-13 position ("the position") to fill Vacancy Number BOS-02-29A.

18.    At the relevant time, the management officials, Benages and Tanner, involved in denying Doona the position were aware of her aforesaid protected activities.

19.    The Agency denied Doona the position at such time out of a discriminatory motive.

20.    There is a causal connection between Doona's protected union activities and the Agency's retaliatory and discriminatory actions complained of here.

21.    Doona was born on June 3, 1936 and thus was more than forty years old at the relevant time

22.   Doona was licensed to practice law in the Commonwealth of Massachusetts at tt
and had considerable experience at both the trial court and appellate court level, particularly in
criminal law. For example, she handled criminal appeals in criminal cases for the Plymouth
County District Attorney's office.

23 .   Doona is a female.

24.   Doona's national origin is Irish-American.

25.   Doona is a widow and the mother of three children.

26.   A vacancy, as aforesaid, existed in a GS-13 position at the relevant time.

27.   Doona applied to fill that position.

28.   Doona was qualified for that position.

29.   The Agency did not appoint Doona to fill that position, but did appoint others less
qualified than Doona.

30.   The explanations proferred by the Agency for not appointing Doona to fill the
position were pretexts for retaliation and discrimination

31.   Benages unlawfully preselects candidates to fill vacant positions and did so with
respect to the position at issue here.

32.   Benages deliberately effected his retaliatory and discriminatory activities with
respect to Doona by not assigning significant cases to her and then claiming, incorrectly, that
others to whom he did assign such cases performed better than she did.

33.,   Benages claims to make appointments to fill vacancies on the basis of criteria that
arise only because he improperly fills vacancies with preselected candidates of his own choosing

34.   Benages does this in large part by assigning significant cases to his preselectees

4

and then claiming that applicants for openings, including Doona, have not had the success the favored preselectees have had.

35.   Doona in effect is required to generate her own cases. Despite this, she has performed better than those to whom Benages has steered significant cases, including his preselectees.

36.   Benages personally assigns significant or "good hit" cases overwhelmingly and disproportionately to males, especially married males, and to women under forty, or to women over forty without children.

37.   Benages has retaliated and discriminated against Doona and others at the relevant time by assigning cases that come to the Boston office of EBSA to those he personally favors and has preselected on discriminatory and/or retaliatory criteria and by using as a pretext that his preselectees perform better than those, including Doona, he is actually retaliating and discriminating against.

38.   Benages policy and pattern of assigning and reassigning cases has been particularly discriminatory to Doona because of her background and experience in the practice of criminal law. Benages has never assigned a criminal case to her.

39.   As Union Steward, Doona has brought grievances and cases against Benages and Tanner and has been threatened and intimidated by Benages for doing so.

40.   The Decision (copy attached) of the Administrative Law Judge ("ALJ") in this matter is arbitrary and capricious and an abuse of discretion.

41 .   The Decision of the ALJ is not based on substantial evidence found in the record of all the evidence in the case.

42.    That record reveals genuine issues of material fact ignored or misapprehended by the ALJ upon which Doona should have prevailed on the merits and on which she should prevail in this action.

WHEREFORE, Doona demands that this court

1. Determine that that Decision is arbitrary and capricious;

2. Determine that that Decision is not based on substantial evidence;

3. Determine that that Decision is erroneous in law; and

4. that Doona be appointed to a GS-13 position with retroactive pay from June 9, 2003; and

5. that the court order such other relief to Doona as is just and equitable, to include an award of reasonable attorney's fees.

## JURY DEMAND

DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE TO A JURY AS OF RIGHT OR IN THE DISCRETION OF THE COURT.

Helen M. Doona
By her attorney;

Edward J. Collins
Post Office Box 381330
Harvard Square Branch
Cambridge, Massachusetts 02238-1330
[508]-358-6666
B.B.O. Number 092240

**U.S. Department of Laboɪ**

NOV 1 6 2004

Office of the Assistant Secretary
for Administration and Management
Washington, D.C. 20210



<u>Sent by Certified Mail No. 7002 3150 0006 7414 4033</u>

Ms. Helen Doona
c/o Edward J. Collins
P.O. Box 381330
Cambridge, MA  02238-1330

                                CRC Case No. 03-01-149
                                EEOC Case No. 160-2004-00350X

Dear Ms. Doona:

As the departmental official designated by the Secretary of Labor to make agency decisions in
cases alleging discrimination under the Equal Employment Opportunity (EEO) Program, I hereby
issue the agency's final action on your aforementioned complaint pursuant to 29 C.F.R.
1614.110(a).

Pursuant to your request for a hearing before an Equal Employment Opportunity Commission
(EEOC) Administrative Judge (AJ), a decision on the aforementioned complaint was issued by
AJ Linda Kincaid on October 20, 2004, without a hearing, pursuant to 29 C.F.R. 1614.109(g).
The CRC received the enclosed decision on October 29, 2004. You are advised that the
Department adopts and fully implements the AJ's decision on your complaint. The AJ found
that sanctions are appropriate in this case. Because you failed to submit your Prehearing
Statement on September 9, 2004, and failed to appear for a Scheduled Prehearing Conference
on September 24, 2004, the Agency filed a Motion for Summary Judgement or to Dismiss.
The AJ found fully in favor of the Agency and dismissed your complaint in its entirety pursuant
to 29 C.F.R. 1614.107 and 1614.109. The AJ's decision requires no corrective action.

This is the Agency's final action on your complaint. If you are dissatisfied with the order to fully
implement the AJ's decision, you may file a notice of appeal with the EEOC at any time up to
thirty (30) calendar days after your receipt of this final agency action. The appeal should be
submitted to the Director, Office of Federal Operations (OFO), EEOC, P.O. Box 19848,
Washington, D.C. 20036. Any statement in support of the appeal must be submitted to the
OFO/EEOC and to the CRC within thirty (30) calendar days of your filing of the notice of
appeal. The regulations at 29 C.F.R. 1614.403(a) encourage the use of EEOC Form 573 in
presenting an appeal, and a copy of this form is enclosed.

If you elect not to appeal to the OFO/EEOC, you may file a civil action in an appropriate U.S.
District Court within ninety (90) calendar days of your receipt of this final agency action. If you
file an appeal with the EEOC, you may still file a civil action in the appropriate U.S. District
Court within ninety (90) calendar days of your receipt of the EEOC's final decision on your
appeal. A civil action may also be filed anytime after one hundred and eighty (180) days from
the date of filing your appeal with the OFO/EEOC, if a final decision on the appeal has not been

issued. You are also advised that if you file a civil action, you must name the appropriate Department or Agency head as the defendant. Failure to name the head of the Department or Agency may result in the loss of any judicial redress to which you may be entitled. The head of the Department of Labor is Elaine L. Chao, Secretary of Labor.

Should you have any questions on this matter, please contact Roderick Faulkner of my staff at (202) 693-6552.

Sincerely,

ANNABELLE T. LOCKHART
Director
Civil Rights Center

Enclosures

cc: James Hampton
    Ann Combs
    Frank McDermott, Regional Solicitor
    Carol Swetow, SOL
    AJ Linda Kincaid

    Helen Doona **(Sent by Federal Express No. 8482 8247 7009 ) (w/encl)**
    846 Watertown Street
    Newton, MA  02465

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
CITY CRESCENT BUILDING
Baltimore District Office
10 South Howard Street, 3rd Floor
Baltimore, Maryland 21201

| | |
|---|---|
| HELEN M. DOONA | ( DATE: October 20, 2004 |
| | ( EEOC CASE NO. |
| COMPLAINANT | ( 160-2004-00350X |
| | ( |
| v. | ( |
| | ( |
| ELAINE CHAO, SECRETARY | ( AGENCY CASE NO. |
| U.S. DEPARTMENT OF LABOR | ( 03-01-149 |
| | ( |
| AGENCY | ( OCT 2 9 2004 |
| | ( |

## ORDER OF DISMISSAL

The above-captioned case is DISMISSED with prejudice for Complainant's failures to proceed with the processing of the case.

On October 1, 2004, a SHOW CAUSE ORDER was sent to Complainant and her representative noting Complainant's failures to proceed with the processing of the above-captioned case. It noted that Complainant failed to submit her Prehearing Statement on September 9, 2004, as required, and on September 30, 3004, Complainant and her representative failed to appear for a scheduled Prehearing Conference. It noted that on September 24, 2004, the Agency filed a Motion For Summary Judgment or To Dismiss.

The Complainant was advised that as a result of Complainant's failures to submit a Prehearing Statement and appear for a Prehearing Conference, the Show Cause Order was issued. It ORDERED Complainant to provide to the undersigned, No Later October 15, 2004, a written explanation for her failure to participate in the EEOC complaint process. Complainant was made aware that failure to provide an adequate explanation of the above-noted lack of participation in the process would result in the case being Dismissed from EEOC and remanded to the Agency for failure to proceed in a timely manner in accordance with 29 C.F.R. §1614.107 and .109 The Agency would then cancel the complaint.

Complainant has not responded to the SHOW CAUSE ORDER. Consequently, this case is DISMISSED with prejudice in accordance

with 29 C.F.R. §1614.107 and §1614.109.  The Agency is directed to take the appropriate final action to close this case.

It is so ORDERED,

For the Commission:

LINDA A. KINCAID
ADMINISTRATIVE JUDGE

2

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER OF DISMISSAL within five (5) calendar days after the date it was sent *via* first class mail. I certify that on OCT 2 1 2004      , the foregoing ORDER were sent *via* first class mail to the following:

Helen M. Doona
846 Watertown Street
Newton, MA 02465

Edward J. Collins
P.O. Box 381330
Cambridge, MA 02238-1330

Carol J. Swetow, Esq.
OS, DOL
Room E-375, JFK Federal Building
Boston, MA 02203

Cherylann DeLaurentis
Civil Rights Officer
Dept. of Labor
201 Varick St.
Room 807A
New York, NY 10014

Willie M. Alexander
Office of Enforcement
Dept. of Labor
Office of the Asst. Secy.
Washington, DC 20210

_____
Legal Technician

3

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| *HELEN DOONA* | *ELAINE L. CHAO, SECRETARY* *UNITED STATES Department of LABOR* |

IN CLERKS OFFICE

| (b)   County of Residence of First Listed Plaintiff  *Middlesex* | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

'05 FEB 14 P 1:13

U.S. DISTRICT COURT
DISTRICT OF MASS.

(c)   Attorney's (Firm Name, Address, and Telephone Number) *(508)-358-6666*
*Edward J. Collins   Cambridge, MA*
*P.O. Box 381330      02238*

Attorneys (If Known)

# 05  10296 PBS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*42 U.S.C. 2000e et. seq*

Brief description of cause: *DEFENDANT ENGAGED in UNLAWFUL DISCRIMINATORY & RETALIATORY ACTS*

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ *BACK PAY*
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE  *SARIS*    DOCKET NUMBER *04-12372-PBS*

DATE  *2/14/05*

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED CLERKS OFFICE*

1.  Title of case (name of first party on each side only) ___DOONA  v.  CHAO___

*2005 FEB 14 P 2:36*

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases*

- [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

- [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.   150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    ___DOONA  v.  CHAO    04-12372 - PBS___

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?    *N/A*
    YES [ ]   NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [X]   NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [X]   Central Division [ ]   Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?   *N/a*
        Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___EDWARD J. COLLINS___
ADDRESS ___POST OFFICE BOX 381330 HARVARD SQUARE BRANCH CAMBRIDGE, MA 02238___
TELEPHONE NO. ___(508) 358-6666___

(Coversheetlocal.wpd - 10/17/02)